BENJAMIN B. WAGNER
United States Attorney
ANDRÉ M. ESPINOSA
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:16-CR-00024-MCE |
| Plaintiff, | |
| v. | STIPULATION AND PROTECTIVE ORDER |
| HELAMAN HANSEN, | |
| Defendant. | |

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED between the parties and their respective counsel, André M. Espinosa, on behalf the United States of America, and Timothy Zindel ("Defense Counsel"), attorney for defendant Helaman Hansen ("Defendant"), as follows:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

2. This Order shall pertain to all discovery provided to or made available to Defense Counsel in this case (the "Discovery").

3. Certain of the Discovery in this matter contains: (i) large amounts personal identifying information of victims, potential victims, and others, including full names, birth dates, home and other addresses, financial information; (ii) commercially sensitive data, including bank account numbers, and (iii) private legal documents including adoption petitions, orders, and associated records (the "Protected

Stipulation & Protective Order

Discovery").

4.  The parties request a protective order with regard to the Protected Discovery because disclosure of personal identifying information, commercially sensitive data, and private legal documents could result in identity theft, invasion of privacy and resulting financial loss, among other harms.

5.  The parties request the Court's order in this matter because the sensitivity of third-parties' personal identifying information, commercially sensitive data, and private legal documents requires special protection.

6.  The Protected Discovery and information therein may only be used in connection with the litigation of this case and for no other purpose.

7.  Defense Counsel shall not disclose any of the Protected Discovery to any person other than his client, or attorneys, law clerks, paralegals, secretaries, experts, and investigators, involved in the representation of Defendant.  However, at no time shall Defendant be permitted to review the Protected Discovery outside of the presence of Defense Counsel or Defense Counsels' partners, associates, or employees as designated by Defense Counsel, and Defense Counsel or his/her designee shall not leave any of the Protected Discovery with Defendant at any location unless the Protected Discovery has been appropriately redacted by Defense Counsel and noted on a log/ledger that is created and retained by Defense Counsel.

8.  Defense Counsel may disclose to Defendant and others copies of such portions of the Discovery that is not Protected Discovery and does not contain personal identifying information, commercially sensitive data, or private legal documents as set forth in Paragraph 3 of this Stipulation.

9.  Defense Counsel will store the Protected Discovery in a secure place, such as Defense Counsels' private offices, and will use reasonable care to ensure that it is not disclosed to third persons or their respective clients in violation of this agreement.

10. If Defense Counsel releases custody of any of the Discovery, or authorized copies thereof, to any person described in Paragraph 7 of this Stipulation, Defense Counsel shall provide such recipients with copies of this Order and advise that person that the Protected Discovery and information therein may only be used in connection with the litigation of this case and for no other purpose, and that

Stipulation & Protective Order

an unauthorized use of the Protected Discovery may constitute a violation of law and/or contempt of court.

11. In the event that Defendant obtains substitute counsel, undersigned Defense Counsel agree not to disclose any Protected Discovery to successor counsel absent a court order that a) Defense Counsel be relieved, b) successor counsel be appointed, and c) all Discovery be turned over to successor counsel.

12. Defense Counsel shall be responsible for advising their clients, employees, and other members of the defense team of the contents of this Stipulation and Order.

**IT IS SO STIPULATED.**

Dated:  April 4, 2016               BENJAMIN B. WAGNER
                                    United States Attorney


                                    /s/ *André M. Espinosa*
                                    ANDRÉ M. ESPINOSA
                                    Assistant United States Attorney


Dated:  April 4, 2016               /s/ *Timothy Zindel*

                                    TIMOTHY ZINDEL
                                    Counsel for Defendant

**ORDER**

IT IS SO ORDERED.

Dated:  April 11, 2016

                                    _____
                                    MORRISON C. ENGLAND, JR., CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT

Stipulation & Protective Order

3