HEATHER E. WILLIAMS, #122664
Federal Defender
TIMOTHY ZINDEL, #158377
SEAN RIORDAN, #255752
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: 916-498-5700/Fax 916-498-5710
timothy_zindel@fd.org

Attorneys for Defendant
HELAMAN HANSEN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-CR-0024 MCE |
| Plaintiff, | |
| vs. | **MOTION IN LIMINE TO EXCLUDE LATE-PRODUCED EVIDENCE** |
| HELAMAN HANSEN, | Date:    April 13, 2017 |
| Defendant. | Time:   10:00 a.m. |
| | Judge:  Hon. Morrison C. England |

Mr. Hansen moves for an order excluding at trial any evidence the government has not disclosed to the defense.

The trial date of April 17 has been in place since November 2, 2016. The defense previously sought a discovery cut-off date of March 17, 2017.  Doc. 58 & 60.  At the trial confirmation hearing on March 2, 2017, the Court denied the defense request for a discovery cut-off without prejudice. The defense renews that request, asking the Court to enter an order precluding the government from presenting at trial any evidence that it has not already produced.

To date, the government has disclosed more than 73,000 Bates-stamped pages of discovery.  Two weeks after trial confirmation hearing, it noticed several experts but has yet to produce any reports of those experts as required by Federal Rule of Criminal Procedure 16 and Local Rule 440.

The Ninth Circuit has affirmed "the principle that the district court is charged with effectuating the speedy and orderly administration of justice."  *United States v. W.R. Grace*, 526 F.3d 499, 508 (2008)(en banc).  The court noted the "universal acceptance in the federal courts" of the district court's "authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly."  *Id.* at 509.

Rule 16(d)(2) grants a court "broad authority" to enforce Rule 16, including by any order "that is just under the circumstances."  *See Grace*, 526 F.3d at 510.  "Congress has thus addressed the kinds of information the government and defendants are obligated to provide to each other before trial by way of discovery and the district court's authority to enforce those obligations."  *Id.* (emphasis in original).  Federal Rule of Criminal Procedure 2 "bolsters that authority" by instructing that the rules are to be interpreted to "provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminated unjustifiable expense and delay."  *Grace*, 526 F.3d at 510.

The trial is already scheduled to consume four weeks.  Doc. 64 at 1.  This is also the second trial date set in the case:  the first, scheduled for December 5, 2016, was postponed by stipulation and order on November 2, 2016, when the government disclosed 64,000 pages of documents.  The length of trial and passage of time favors excluding any evidence that has not been disclosed.  An order excluding evidence will prevent further delay in the completion of the trial.

Basic rules of fairness support such an order.  Mr. Hansen has expressed his desire for a speedy trial.  He and his counsel would be prejudiced by having to analyze and answer evidence produced during trial.  Accordingly, the defense respectfully requests that any evidence produced after this date by the government be excluded.

                    Respectfully Submitted,

                    HEATHER E. WILLIAMS
                    Federal Defender

Dated:  March 27, 2017        /s/ T. Zindel & S. Riordan
                    TIMOTHY ZINDEL and SEAN RIORDAN
                    Assistant Federal Defenders
                    Attorneys for HELAMAN HANSEN