1  HEATHER E. WILLIAMS, #122664
   Federal Defender
2  TIMOTHY ZINDEL, #158377
   SEAN RIORDAN, #255752
3  Assistant Federal Defenders
   801 I Street, 3rd Floor
4  Sacramento, CA 95814
   Telephone: (916) 498-5700
5
6  Attorneys for Defendant
   HELAMAN HANSEN
7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA
10

11 UNITED STATES OF AMERICA,          )   Case No.  2:16-cr-0024 MCE
                                      )
12                  Plaintiff,        )   DEFENDANT'S PROPOSED JURY
                                      )   INSTRUCTIONS
13       v.                           )
                                      )   Trial Date: April 17, 2017
14 HELAMAN HANSEN,                    )
                                      )
15                  Defendant.        )
                                      )
16 _____        )

17

18      Helaman Hansen requests that the Court include in its charge to the jury the

19 instructions referenced or set forth below.

20
        **First**, Mr. Hansen asks the Court to give the following Ninth Circuit Model Jury
21
   Instructions at the start of trial.  (The requested instructions do not appear among the
22
   standard instructions attached to the Court's Pretrial Order (doc. 64-1).)  Copies are
23
   attached in pdf and will be sent to the Court in Word along with copies of other jury
24
   instructions proposed by the defense.
25

26          1.   1.1 Duty of Jury
            2.   1.2 Presumption of Innocence
27          3.   1.3 What is Evidence
            4.   1.4 What is Not Evidence
28

Defendant's Proposed Jury Instructions          -1-

5.   1.5 Direct and Circumstantial Evidence
6.   1.6 Ruling on Objections
7.   1.7 Credibility of Witness
8.   1.8 Conduct of the Jury
9.   1.9 No Transcript Available to Jury
10.  1.10 Taking Notes
11.  1.11 Outline of Trial

**Second**, Mr. Hansen concurs in the Court's proposed end-of-case instructions (doc. 64-1) but asks that the Court also give Ninth Circuit Model Instruction 3.11 (copy attached).

**Third**, Mr. Hansen concurs in the Court's other proposed instructions (Ninth Cir. Model Instructions 4.1, 4.6, 4.14, 4.15, 4.16, 5.6, 5.7, 7.1, 7.2, 7.3, 7.4, 7.5, and 7.6 ).

**Fourth,** Mr. Hansen asks the Court to instruct the jury on the substantive law as set forth below.

**Fifth,** Mr. Hansen reserves the right to supplement or modify these instructions depending on evidence and argument presented during the trial, and to request that the jury be instructed in Mr. Hansen's theories of defense at close of trial, as required by law.  *See United States v. Perdomo-Espana*, 522 F.3d 983, 986-87 (9th Cir.2008); *United States v. Hutchison*, 22 F. 3d 846, 853 (9th Cir. 1993); *United States v. Lothian*, 976 F.2d 1257, 1267 (9th Cir. 1992); *United States v. Bear*, 439 F.3d 565, 568 (9th Cir. 2006)(when a defendant presents and relies upon a theory of defense at trial, "the judge must instruct the jury on that theory even where such an instruction was not requested").

**Proposed Substantive Instructions**

**1.  Elements of Mail Fraud.**

The defendant is charged in Counts One through Thirteen of the indictment with mail fraud in violation of Section 1341 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly devised, intended to devise, and participated in a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use.  It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

Ninth Circuit Model 8.121 Mail Fraud (ver. approved 3/2016)

2.  **Elements of Wire Fraud.**

The defendant is charged in Counts Fourteen through Sixteen of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in, devised, and intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, a wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

Ninth Circuit Model 8.124 Mail Fraud (ver. approved 2/2014)

Defendant's Proposed Jury Instructions                    -4-

### 3.    Intent to Defraud Defined

An intent to defraud is an intent to deceive or cheat.

If a defendant does not intend to harm the victim then he has not intended to defraud the victim.[1]

You may determine whether the defendant had an honest, good faith belief in the representations he made in determining whether or not the defendant acted with intent to defraud.[2]

Good faith is a complete defense to a charge that requires intent to defraud. A defendant is not required to prove good faith. The Government must prove intent to defraud beyond a reasonable doubt. An honestly held belief or an honestly formed belief cannot be fraudulent intent even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness cannot establish fraudulent intent.[3]

Ninth Circuit Model 3.16 (current ver., modified)

---

[1]    *United States v. Takhalov*, 827 F.3d 1307, 1313 (11th Cir. 2016).

[2]    The Commentary to Ninth Cir. Model Instruction 3.16 endorses this formulation – with minor changes – in a case where defendant maintains he acted in good faith.

[3]    *United States v. Takhalov*, 827 F.3d 1307, 1317 (11th Cir. 2016).

### 4   Elements of 8 U.S.C. § 1324(a)(1)(A)(iv)

The defendant is charged in Counts Seventeen and Eighteen of the indictment with encouraging illegal entry by an alien in violation of Section 1324(a)(1)(A)(iv) of Title 8 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, [name of alien] was an alien;

Second, the defendant substantially[4] encouraged or induced [name of alien] to reside in the United States in violation of law; and

Third, the defendant intended[5] that [name of alien]'s residence in the United States would be in violation of the law.

Fourth, the defendant acted for the purpose of his own private financial gain.

An alien is a person who is not a natural-born or naturalized citizen of the United States.  An alien enters the United States in violation of law if not duly admitted by an Immigration Officer.

Ninth Cir. Model 9.4 (current ver., modified)

---

[4] *See Delrio-Mocci v Connolly Properties, Inc.*, 672 F.3d 241, 248 (3d Cir. 2012).
[5] *See United States v. Yoshida*, 303 F.3d 1145, 1149 (9th Cir.2002).

Defendant's Proposed Jury Instructions          -6-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Dated:  April 10, 2017                    /s/ S. Riordan & T. Zindel
                                          SEAN RIORDAN & TIM ZINDEL
                                          Assistant Federal Defenders
                                          Attorneys for HELAMAN HANSEN

Defendant's Proposed Jury Instructions              -7-