PHILLIP A. TALBERT
United States Attorney
ANDRE M. ESPINOSA
KATHERINE T. LYDON
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:16-CR-0024-MCE |
|---|---|
| Plaintiff, | JOINT STATEMENT OF THE CASE |
| v. | TRIAL DATE: April 17, 2016 |
| HELAMAN HANSEN, | TIME: 9:00 a.m. |
| Defendant. | COURT: Hon. Morrison C. England |

    Helaman Hansen is charged in the indictment with thirteen counts of mail fraud, three counts of wire fraud, and two counts of encouraging and inducing illegal immigration for private financial gain.

    With respect to the fraud charges, the government alleges that Mr. Hansen operated a scheme to obtain money selling memberships in a "Migration Program" which the government alleges was based on a false promise that adult illegal aliens residing in the United States could achieve United States citizenship after being legally adopted by an American citizen and completing additional tasks.

    With respect to the charges of encouraging and inducing illegal immigration for private financial gain, the government alleges that Mr. Hansen encouraged and induced two persons who travelled to the United States on visas to overstay those visas and remain in the United States illegally to participate in his fraudulent Migration Program.

    Mr. Hansen has pleaded not guilty to all the charges. He denies that the membership program

was fraudulent. He maintains that he [acted in good faith and][1] did not intend to defraud anybody, that he did not encourage aliens to remain in the United States illegally, and that he did not act for private financial gain.

Dated:  April 10, 2017

PHILLIP A. TALBERT
United States Attorney

By: /s/ Andre M. Espinosa
ANDRE M. ESPINOSA
KATHERINE T. LYDON
Assistant United States Attorneys

/s/ Timothy Zindel
TIMOTHY ZINDEL
SEAN RIORDAN
Attorneys for Helaman Hansen

---

[1] Defendant requests the bracketed statement be included; the government requests that it be omitted.

In the government's view, the joint statement should, like the Ninth Circuit's model preliminary instruction, simply state the charges in the indictment and the fact that the defendant has pleaded not guilty. *See* Ninth Circuit Model Criminal Instruction 1.2. Unlike in a civil case, where the Court informs the jury that the defendant denies the claims and summarizes any counterclaims (*see* Ninth Circuit Model Civil Instructions 1.5), there are no counterclaims in a criminal case. It would be completely unremarkable to give the jury the indictment either on paper or orally. *See United States v. Utz*, 886 F.2d 1148, 1151 (9th Cir. 1989). Thus, in a criminal case where only one party is asserting claims, the Court should simply give the indictment to the jury or summarize it. Summarizing a defense would be inappropriate.

In Defendant's view, the "good faith" defense to fraud is well-established in the law and constitutes an important part of the defense's position in this case. *See* U.S. Attorneys' Manual § 969 ("Good faith is recognized as a defense to a charge of mail or wire fraud."); Ninth Circuit Model Criminal Instruction 3.16, cmt. (endorsing "good faith" instruction to define intent in a fraud case). The defense has already compromised with the government by agreeing to remove any reference to mental health issues. The defense disagrees with the government's position that a criminal defendant should not be afforded an opportunity to have his or her position summarized while a civil litigant (whose liberty is not in jeopardy) should have that opportunity. The Ninth Circuit's Model Criminal Instruction 1.2 is not to the contrary – it simply informs the jury of the presumption of innocence. It does not address joint statements, let alone purport to limit what the defense may include in them. Thus, summarizing the defense – including the issue of "good faith" – is not only appropriate, it is necessary to inform the jury of "the nature of this case" and defendant's "claims." (Doc. 64 at 2.)

2