PHILLIP A. TALBERT
United States Attorney
ANDRE M. ESPINOSA
KATHERINE T. LYDON
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:16-CR-0024-MCE |
| Plaintiff, | GOVERNMENT'S AMENDED PROPOSED JURY INSTRUCTIONS |
| v. | TRIAL DATE: April 17, 2017 |
| HELAMAN HANSEN, | TIME: 9:00 a.m. |
| Defendant. | COURT: Hon. Morrison C. England |

The United States by and through its attorneys, Phillip A. Talbert, United States Attorney for the Eastern District of California, André M. Espinosa and Katherine T. Lydon, Assistant United States Attorneys, respectfully request that the Court include in its standard charge to the jury the following instructions from the <u>Manual of Model Criminal Jury Instructions for the Ninth Circuit</u> (2010 Edition) (updated 3/2017):

1.  1.1 - Duty of Jury

2.  1.2 - The Charge - Presumption of Innocence

3.  1.3 - What is Evidence

4.  1.4 - What is Not Evidence

5.  1.5 - Direct and Circumstantial Evidence

6.  1.6 - Ruling on Objections

7.  1.7 - Credibility of Witnesses

8.  1.8 - Conduct of the Jury

9.  1.9 - No Transcript Available to Jury

10. 1.10 - Taking Notes

11. 1.11 - Outline of Trial

12. 1.12 - Jury to Be Guided by Official Language Interpretation

13. 2.1 - Cautionary Instruction - First Recess

14. 2.2 - Bench Conferences and Recesses

15. 2.9 - Foreign Language Testimony

16. 2.10 - Other Crimes, Wrongs, or Acts of Defendant

17. 2.11 - Evidence for Limited Purpose

18. 3.1 - Duties of Jury to Find Facts and Follow Law

19. 3.2 - Charge Against Defendant Not Evidence - Presumption of Innocence - Burden of Proof

20. 3.3 - Defendant's Decision Not to Testify

21. 3.4 - Defendant's Decision To Testify

22. 3.5 - Reasonable Doubt – Defined

23. 3.6 - What is Evidence

24. 3.7 - What is Not Evidence

25. 3.8 - Direct and Circumstantial Evidence

26. 3.9 - Credibility of Witnesses

27. 3.10 - Activities Not Charged

28. 3.11 - Separate Consideration of Multiple Counts – Single Defendant

29. 3.19 - Jury to Be Guided by Official English Translation/Interpretation

30. 3.20 - On or About - Defined

31. 4.1 - Statements by Defendant

32. 4.3 - Other Crimes, Wrongs or Acts of Defendant

33. 4.8 - Impeachment of Evidence – Witness

34. 4.9 - Testimony of Witnesses Involving Special Circumstances - Immunity, Benefits, Accomplice, Plea

35. 4.10 - Government's Use of Undercover Agents and Informants

36. 4.14 - Opinion Evidence, Expert Witness

37. Instruction on Law Concerning Impact of Adult Adoption on Immigration Status*

38. 4.16 - Charts and Summaries in Evidence

39. 8.121 - Mail Fraud—Scheme to Defraud or to Obtain Money or Property by False Promises

40. 8.124 - Wire Fraud

41. 5.6 - Knowingly – Defined

42. 3.16 - Intent to Defraud – Defined*

43. Reckless Indifference – Defined*[1]

44. 9.4 - Alien – Encouraging Illegal Entry

45. 7.1 - Duty to Deliberate

46. 7.2 - Consideration of Evidence - Conduct of the Jury

47. 7.3 - Use of Notes

48. 7.4 - Jury Consideration of Punishment

49. 7.5 - Verdict Form

50. 7.6 - Communication with Court


## ADDITIONAL INSTRUCTIONS DURING TRIAL

The United States requests permission to supplement these amended proposed instructions depending on the evidence presented during the trial.


Dated:  April 14, 2017                          PHILLIP A. TALBERT
                                                United States Attorney


                                    By:   /s/ ANDRÉ M. ESPINOSA
                                          ANDRE M. ESPINOSA
                                          KATHERINE T. LYDON
                                          Assistant United States Attorneys

---

[1] Proposed instructions marked with an (*) have been modified from the Ninth Circuit Model Criminal Jury Instructions or drafted consistent with controlling law.

Court's Instructions Prior to Opening Statements

INSTRUCTION NO.

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed written instructions that will control your deliberations.  When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

9TH CIR. CRIM. JURY INST. 1.1 (2010)

Plaintiff's Proposed Jury Instruction No. 1

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

5

INSTRUCTION NO.

This is a criminal case brought by the United States government. The government charges the defendant Helaman Hansen with thirteen counts of mail fraud, three counts of wire fraud, and two counts of encouraging and inducing illegal immigration for private financial gain.  The charges against the defendant are contained in the superseding indictment. The superseding indictment simply describes the charges the government brings against the defendant.  The superseding indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

[In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime[s] which the government must prove to make its case: [*supply brief statement of elements of crime[s]*].]

9TH CIR. CRIM. JURY INST. 1.2 (2010)

Plaintiff's Proposed Jury Instruction No. 2

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; and

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

9TH CIR. CRIM. JURY INST. 1.3 (2010)

Plaintiff's Proposed Jury Instruction No. 3

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

7

INSTRUCTION NO.

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)     statements and arguments of the attorneys;

(2)     questions and objections of the attorneys;

(3)     testimony that I instruct you to disregard; and

(4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

9TH CIR. CRIM. JURY INST. 1.4 (2010)

Plaintiff's Proposed Jury Instruction No. 4

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

9TH CIR. CRIM. JURY INST. 1.5 (2010)

Plaintiff's Proposed Jury Instruction No. 5

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

9

INSTRUCTION NO.

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

9TH CIR. CRIM. JURY INST. 1.6 (2010)

Plaintiff's Proposed Jury Instruction No. 6

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

9TH CIR. CRIM. JURY INST. 1.7 (2010)

Plaintiff's Proposed Jury Instruction No. 7

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

11

INSTRUCTION NO.

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

///

///

12

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

9TH CIR. CRIM. JURY INST. 1.8 (2010)

Plaintiff's Proposed Jury Instruction No. 8

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

13

INSTRUCTION NO.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

9TH CIR. CRIM. JURY INST. 1.9 (2010)

Plaintiff's Proposed Jury Instruction No. 9

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

14

INSTRUCTION NO.

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note taking distract you from being attentive. When you leave court for recesses, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

9TH CIR. CRIM. JURY INST. 1.10 (2010)

Plaintiff's Proposed Jury Instruction No. 10

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

15

INSTRUCTION NO.

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

9TH CIR. CRIM. JURY INST. 1.11 (2010)

Plaintiff's Proposed Jury Instruction No. 11

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

16

INSTRUCTION NO.

Languages other than English will be used for some evidence during this trial.  When a witness testifies in another language, the witness will do so through an official court interpreter.  [When recorded evidence is presented in another language, there will be an official court translation of the recording.]

The evidence you are to consider and on which you must base your decision is only the English-language interpretation or translation provided through the official court interpreters or translators. Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official interpretation or translation.

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

9TH CIR. CRIM. JURY INST. 1.12 (2010)

Plaintiff's Proposed Jury Instruction No. 12

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

17

Court's Instructions During Trial and at First Recess

INSTRUCTION NO.

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] to give to me.

9TH CIR. CRIM. JURY INST. 2.1 (2010)

Plaintiff's Proposed Jury Instruction No. 13

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.

9TH CIR. CRIM. JURY INST. 2.2 (2010)

Plaintiff's Proposed Jury Instruction No. 14

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

You are about to hear testimony of a witness who will be testifying in the [Spanish] / [Hindi] language.  This witness will testify through the official court interpreter.  Although some of you may know the [Spanish] / [Hindi] language, it is important that all jurors consider the same evidence.  Therefore, you must accept the official English translation of the witness's testimony even if you would translate it differently.  In this way, all jurors are considering the same evidence.

9TH CIR. CRIM. JURY INST. 2.9 (2010)

Plaintiff's Proposed Jury Instruction No. 15

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO.

You are about to hear evidence that the defendant committed other [crimes] [wrongs] [acts] not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose.  [You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.]

9TH CIR. CRIM. JURY INST. 2.10 (2010)

Plaintiff's Proposed Jury Instruction No. 16

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 

You are about to hear evidence that [describe evidence to be received for limited purpose].  I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

9TH CIR. CRIM. JURY INST. 2.11 (2010)

Plaintiff's Proposed Jury Instruction No. 17

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

Court's Instructions Prior to Jury Deliberation

INSTRUCTION NO.

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

9TH CIR. CRIM. JURY INST. 3.1 (2010)

Plaintiff's Proposed Jury Instruction No. 18

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

The superseding indictment is not evidence.  The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

9TH CIR. CRIM. JURY INST. 3.2 (2010)

Plaintiff's Proposed Jury Instruction No. 19

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.

9TH CIR. CRIM. JURY INST. 3.3 (2010)

Plaintiff's Proposed Jury Instruction No. 20

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

27

INSTRUCTION NO.

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

9TH CIR. CRIM. JURY INST. 3.4 (2010)

Plaintiff's Proposed Jury Instruction No. 21

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

28

INSTRUCTION NO.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

9TH CIR. CRIM. JURY INST. 3.5 (2010)

Plaintiff's Proposed Jury Instruction No. 22

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

29

INSTRUCTION NO.

The evidence you are to consider in deciding what the facts are consists of:

(1)      the sworn testimony of any witness; and

(2)      the exhibits received in evidence; and

(3)      any facts to which the parties have agreed.

9TH CIR. CRIM. JURY INST. 3.6 (2010)

Plaintiff's Proposed Jury Instruction No. 23

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.      Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

9TH CIR. CRIM. JURY INST. 3.7 (2010)

Plaintiff's Proposed Jury Instruction No. 24

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
                        JUDGE

31

INSTRUCTION NO.

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

9TH CIR. CRIM. JURY INST. 3.8 (2010)

Plaintiff's Proposed Jury Instruction No. 25

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

32

INSTRUCTION NO.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

9TH CIR. CRIM. JURY INST. 3.9 (2010)

Plaintiff's Proposed Jury Instruction No. 26

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

You are here only to determine whether the defendant is guilty or not guilty of the charge[s] in the superseding indictment.  The defendant is not on trial for any conduct or offense not charged in the superseding indictment.

9TH CIR. CRIM. JURY INST. 3.10 (2010)

Plaintiff's Proposed Jury Instruction No. 27

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

9TH CIR. CRIM. JURY INST. 3.11 (2010)

Plaintiff's Proposed Jury Instruction No. 28

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

35

INSTRUCTION NO.

The Spanish and Hindi languages have been used during this trial.

The evidence you are to consider is only that provided through the official court interpreters or translators.  Although some of you may know the Spanish or Hindi languages, it is important that all jurors consider the same evidence. Therefore, you must accept the evidence presented in the English interpretation or translation and disregard any different meaning.

9TH CIR. CRIM. JURY INST. 3.19 (2010)

Plaintiff's Proposed Jury Instruction No. 29

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____

JUDGE

36

INSTRUCTION NO.

The superseding indictment charges that the offense alleged in each Count was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that each offense was committed on a date reasonably near the date alleged in each Count of the superseding indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

9TH CIR. CRIM. JURY INST. 3.20 (2010)

Plaintiff's Proposed Jury Instruction No. 30

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

9TH CIR. CRIM. JURY INST. 4.1 (2010)

Plaintiff's Proposed Jury Instruction No. 31

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

38

INSTRUCTION NO.

You have heard evidence that the defendant committed other [crimes] [wrongs] [acts] not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose.  [You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.]

9TH CIR. CRIM. JURY INST. 4.3 (2010)

Plaintiff's Proposed Jury Instruction No. 32

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

You have heard evidence that [*name of witness*], a witness, [*specify basis for impeachment*]. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

9TH CIR. CRIM. JURY INST. 4.8 (2010)

Plaintiff's Proposed Jury Instruction No. 33

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

You have heard testimony from [*name of witness*], a witness who [received immunity.  That testimony was given in exchange for a promise by the government that [the witness will not be prosecuted] [the testimony will not be used in any case against the witness]];

[received [benefits] [compensation] [favored treatment] from the government in connection with this case];

[[admitted being] [was alleged to be] an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime];

[pleaded guilty to a crime arising out of the same events for which the defendant is on trial.  This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability].

For [this] [these] reason[s], in evaluating the testimony of [*name of witness*], you should consider the extent to which or whether [his] [her] testimony may have been influenced by [this] [any of these] factor[s].  In addition, you should examine the testimony of [*name of witness*] with greater caution than that of other witnesses.

9TH CIR. CRIM. JURY INST. 4.9 (2010)

Plaintiff's Proposed Jury Instruction No. 34

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

41

INSTRUCTION NO.

You have heard testimony from [an undercover agent] [an informant] who was involved in the government's investigation in this case. Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, in order to investigate criminal activities. Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

9TH CIR. CRIM. JURY INST. 4.10 (2010)

Plaintiff's Proposed Jury Instruction No. 35

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

                                         _____
                                         JUDGE

42

INSTRUCTION NO.

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

9TH CIR. CRIM. JURY INST. 4.8 (2010)

Plaintiff's Proposed Jury Instruction No. 36

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

43

INSTRUCTION NO.

You have heard certain witnesses testify about whether an adult, alien residing illegally in the United States may adjust his or her immigration status on the basis of an adoption by an American citizen undertaken for the purpose of obtaining citizenship.  To understand the law governing such facts, you may rely only on the legal instructions that I give you.  The law in that regard is as follows:

The United States Constitution vests the federal government with the sole authority to create a "uniform Rule of Naturalization."  Under the Constitution's grants of authority, the federal government alone wields "broad undoubted power over immigration and the status of aliens."

An adoption sought, completed, and effective after an adoptee is 18 years old cannot result in the adoptee gaining United States citizenship.

U.S. Const., Art. I, § 8 c. 4. ("The Congress shall have Power … To establish an uniform Rule of Naturalization."); Arizona v. United States, 567 U.S. 387, 132 S. Ct. 2492, 2498 (2012) ("The Government of the United States has broad, undoubted power over the subject of immigration and the status of aliens."); Hong v. Napolitano, 772, F.Supp.2d 1270, 1279 (D. Hawai'i 2011) (discussing adoption under the INA and holding rule rejecting *nunc pro tunc* adoptions after 16th birthday is arbitrary in case involving child whose adoption was final 3 weeks after 16th birthday but stating "Congress did not intend to allow adults to seek entry as 'adopted' persons under the Act."); Cantwell v. Holder, 995 F.Supp.2d 316 (S.D.N.Y. 2014) (same; involving child whose adoption was final 9 months after 16th birthday).  See also Matter of Huang, 26 I & N Dec. 627 (BIA 2015) (overruling prior BIA opinions and concluding an I-130 can be approved "where the adoption petition was filed before the beneficiary's 16th birthday, the State in which the adoption was entered expressly permits an adoption decree to be dated retroactively, and the State court entered such a decree consistent with that authority," and when the petitioner shows "that the adoption was not undertaken for the purpose of conferring immigration benefits on the beneficiary"); Amponsah v. Lynch, 627 F. App'x 592, 594 (9th Cir. 2015) (withdrawing earlier opinion and recognizing BIA decision in Matter of Huang); UCSIC Customer Guide: A3, How Do I immigrate an adopted or prospective adopted child of help my adopted child become a U.S. citizen or U.S. permanent resident? Available publicly on the USCIS website at: https://www.uscis.gov/sites/default/files/USCIS/Resources/A3en.pdf

Plaintiff's Proposed Jury Instruction No. 37

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

44

1

INSTRUCTION NO.

2

      Certain charts and summaries have been admitted in evidence. Charts and summaries are

3

only as good as the underlying supporting material. You should, therefore, give them only such

4

weight as you think the underlying material deserves.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

9TH CIR. CRIM. JURY INST. 4.16 (2010)

22

Plaintiff's Proposed Jury Instruction No. 38

23

GIVEN _____

24

GIVEN AS MODIFIED _____

25

REFUSED _____

26

WITHDRAWN _____

27

_____
JUDGE

28

45

INSTRUCTION NO.

The defendant is charged in Counts One through Thirteen of the superseding indictment with mail fraud in violation of Section 1341 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole. A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

///
///
///
///
///
///

46

9TH CIR. CRIM. JURY INST. 8.121 (2010)

Plaintiff's Proposed Jury Instruction No. 39

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

The defendant is charged in Counts Fourteen through Sixteen of the superseding indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, a wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

///
///
///
///

48

9TH CIR. CRIM. JURY INST. 8.124 (2010)

Plaintiff's Proposed Jury Instruction No. 40

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

9TH CIR. CRIM. JURY INST. 5.6 (2010)

Plaintiff's Proposed Jury Instruction No. 41

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

50

INSTRUCTION NO.

An intent to defraud is an intent to deceive or cheat.

It is no defense to fraud that the defendant honestly holds a certain opinion or belief, but also knowingly makes false or fraudulent promises, representations, or promises to others.

9TH CIR. CRIM. JURY INST. 3.16 (2010) (second sentence added); United States v. Shipsey, 363 F.3d 962, 967-68 (9th Cir.) (explicitly approving the language of this instruction and, because the trial court gave this instruction, holding that "no good faith instruction was necessary at all."); United States v. Treadwell, 593 F.3d 990, 994 (9th Cir. 2010) (approving as an accurate statement of the law an instruction that it is no defense to fraud that "[the defendant] honestly holds a certain opinion or belief, [but] also knowingly makes false or fraudulent promises, representations, or promises to others.").

Plaintiff's Proposed Jury Instruction No. 42

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

51

INSTRUCTION NO.

One who acts with reckless indifference to whether a representation is true or false is chargeable with knowledge of its falsity.

Quoted from United States v. Beecroft, 608 F.2d 753, 757 (9th Cir. 1979); United States v. Sayakhom, 186 F.3d 928, 942 (9th Cir. 1999) (partially quoting same passage).  See also United States v. Lloyd, 807 F.3d 1128, 1165 (9th Cir. 2015) (acknowledging that the Ninth Circuit has "repeatedly held" that a "reckless indifference" instruction sufficiently protect against risk that jury will convict defendant on the basis of negligent conduct.)

Plaintiff's Proposed Jury Instruction No. 43

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

52

INSTRUCTION NO.

The defendant is charged in Counts Seventeen and Eighteen of the superseding indictment with encouraging illegal entry by an alien in violation of Section 1324(a)(1)(A)(iv) of Title 8 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, with respect to Counts Seventeen and Eighteen, respectively: Epeli Q. Vosa and Mana E. Nailati, was each an alien;

Second, the defendant encouraged or induced Epeli Q. Vosa and Mana E. Nailati to reside in the United States in violation of law; and

Third, the defendant knew or acted in reckless disregard of the fact that Epeli Q. Vosa and Mana E. Nailati's residence in the United States would be in violation of the law.

An alien is a person who is not a natural-born or naturalized citizen of the United States. An alien enters the United States in violation of law if not duly admitted by an Immigration Officer.

9TH CIR. CRIM. JURY INST. 9.4 (2010)

Plaintiff's Proposed Jury Instruction No. 44

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

53

INSTRUCTION NO.

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

9TH CIR. CRIM. JURY INST. 7.1 (2010)

Plaintiff's Proposed Jury Instruction No. 45

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

54

INSTRUCTION NO.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

///
///
///
///
///
///
///
///
///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

9TH CIR. CRIM. JURY INST. 7.2 (2010)

Plaintiff's Proposed Jury Instruction No. 46

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

56

INSTRUCTION NO.

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

9TH CIR. CRIM. JURY INST. 7.3 (2010)

Plaintiff's Proposed Jury Instruction No. 47

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

1

INSTRUCTION NO.

2

The punishment provided by law for this crime is for the court to decide.  You may not consider

3

punishment in deciding whether the government has proved its case against the defendant beyond a

4

reasonable doubt.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21    9TH CIR. CRIM. JURY INST. 7.4 (2010)

22    Plaintiff's Proposed Jury Instruction No. 48

23    GIVEN _____

24    GIVEN AS MODIFIED _____

25    REFUSED _____

26    WITHDRAWN _____

27                                                        _____
                                                          JUDGE
28

58

INSTRUCTION NO.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should  complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

9TH CIR. CRIM. JURY INST. 7.5 (2010)

Plaintiff's Proposed Jury Instruction No. 49

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE

59

INSTRUCTION NO.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone, including me, how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

9TH CIR. CRIM. JURY INST. 7.6 (2010)

Plaintiff's Proposed Jury Instruction No. 50

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
JUDGE