HEATHER E. WILLIAMS, #122664
Federal Defender
TIMOTHY ZINDEL, #158377
SEAN RIORDAN, #255752
Assistant Federal Defenders
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-5700

Attorneys for Defendant
HELAMAN HANSEN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No.  2:16-CR-0024 MCE |
|---|---|---|
| Plaintiff, | ) | |
| | ) | DEFENDANT'S SUPPLEMENTAL |
| v. | ) | JURY INSTRUCTIONS |
| | ) | |
| HELAMAN HANSEN, | ) | |
| | ) | |
| Defendant. | ) | |

On April 10, 2017, Helaman Hansen submitted proposed jury instructions and reserved the right to supplement his proposed instructions depending on evidence presented at trial.  Doc. 87.

Mr. Hansen requests the following jury instructions.  The first is a modification of existing Ninth Circuit Model 3.8 and the second is Ninth Circuit Model 6.9, modified only to conform to the evidence presented.

//

//

//

Defendant's Suppl.
Jury Instructions

-1-

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

<u>If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions points to innocence and another to guilt, you must accept the one that points to innocence. However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable.</u>[1]

Ninth Circuit Model 3.8 Direct and Circumstantial Evidence (Modified)

---

[1] The additional language is drawn from a portion of California Criminal Jury Instruction 224 ("Circumstantial Evidence: Sufficiency of the Evidence").  Federal district courts have provided similar instructions.  *See United States v. Layton*, 666 F.Supp. 1369, 1375 (N.D. Cal. 1987) (if "equally reasonable inferences of guilt and innocence … could be drawn from the government's circumstantial evidence … the jury was required to adopt the inference of innocence").

Defendant's Suppl. Jury Instructions -2-

**Diminished Capacity**

Evidence has been admitted that the defendant may have suffered from diminished capacity at the time that the crime charged was committed.

You may consider evidence of the defendant's diminished capacity in deciding whether the government has proved beyond a reasonable doubt that the defendant acted with the intent required to commit the charged crimes.

Ninth Circuit Model 6.9 Intoxication—Diminished Capacity (modified to delete language re intoxication)

Defendant's Suppl. Jury Instructions    -3-

1
2
3
4 Dated: May 7, 2017
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

/s/ S. Riordan & T. Zindel
SEAN RIORDAN & TIM ZINDEL
Assistant Federal Defenders
Attorneys for HELAMAN HANSEN

Defendant's Suppl.
Jury Instructions

-4-