HEATHER E. WILLIAMS, #122664
Federal Defender
TIMOTHY ZINDEL, #158377
SEAN RIORDAN, #255752
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: 916-498-5700/Fax 916-498-5710
timothy_zindel@fd.org


Attorneys for Defendant
HELAMAN HANSEN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HELAMAN HANSEN,<br><br>　　　　　Defendants. | Case No. 2:16-CR-00024 MCE<br><br>**REPLY TO GOVERNMENT'S OBJECTIONS**<br><br>Date:　December 14, 2017<br>Time:　10:00 a.m.<br>Judge:　Hon. Morrison C. England. |

　　　　The government's objections to the presentence report (doc. 174) are not well-taken and should be overruled.

　　　　**First objection.**  The government objects to a sentence in paragraph 11 stating "While others made the representations that the migration program could lead to citizenship, at the trial the Government proved that only Hansen knew that the representations were false."

　　　　The sentence is plainly accurate.  The government indicted only one person, Helaman Hansen, and at trial proved only that Mr. Hansen knew the representations

were false.  What others did or did not know was not a question before the jury, so evidence of what others knew was irrelevant, and none was admitted.

**Second objection.**  The government objects that the first two sentences of paragraph 26 are inaccurate.  The defense has no objection to striking the first sentence because the government has never proved "approximately 500 victims," which the government admits at lines 19 and 20 of page 2 of its objections ("471 clients" is not "500 victims").  The second sentence accurately describes the government's own trial exhibit and should not be stricken.

**Third objection.**  The government objects to probation's removal of the two-level charitable organization adjustment under guidelines section 2B1.1(b)(9)(A), which was included in the draft report but removed when probation concluded the adjustment did not apply.

It is the government's burden to prove any adjustment that increases the sentence.  *United States v. Job*, 871 F.3d 852, 868 (9th Cir. 2017).  The government has provided no evidence to support applying the adjustment.

In any event, the adjustment is inapplicable on its face.  It applies when "the offense involved (A) a misrepresentation that the defendant was acting on behalf of a charitable . . . or a government agency."  U.S.S.G. § 2B1.1(b)(9)(A).  The adjustment requires the government to show that "the defendant was acting to obtain a benefit on behalf of" such an organization "when, in fact, the defendant intended to divert all or part of that benefit" such as "for the defendant's personal gain."  The adjustment fails on both counts here.

First, while the superseding indictment alleged that AHA was a "non-profit," doc. 62 at 1:23-24, it did not allege that AHA was a "charitable" or "government"

Hansen – Response to Objections    -2-

organization.  It alleged that AHA was "an elaborate adult-adoption program" that offered a pathway to citizenship, not that it operated as a charity.  Nor did the victims regard it as a charity.  The evidence at trial showed that Mr. Hansen solicited money to assist with adult adoption leading to citizenship, not that he acted "on behalf of" a charity or "on behalf of" the government.

Second, the government offered no evidence that Mr. Hansen "diverted" his victims' money for personal gain.  The AHA victims who testified all attested to the adoption proceedings they experienced and all but one attested to receiving delayed registrations of birth reflecting their adopted names.  While nobody's money resulted in "citizenship," nobody's money was diverted to a purpose other than servicing AHA's doomed business.  Probation was correct to drop the adjustment.

All three cases cited by the government show the adjustment cannot apply in this case.

In *United States v. Lambert*, 498 F.3d 963 (9th Cir. 2007), the district court found that defendant specifically wrote fraudulent grant applications "on behalf of" the Fort Peck Indian Tribe's "education department" and that he specifically claimed he was acting on behalf of the Tribe.  The Tribe paid him $12,000 out of government contract funds, which he then diverted to pay his daughter's college tuition.

In *United States v. Treadwell*, 593 F.3d 990 (9th Cir. 2010), defendants operated a massive Ponzi scheme having *no* investments – in other words, *all* investor money was diverted to their greed, and none of it was used for charitable purposes.  Defendants further specifically coaxed investors to part with money by representing that returns on their investments would necessarily be put towards "humanitarian needs" when all of the money was in fact diverted.  AHA, on the other hand, did not divert

money and instead used it to service the pipe dream of "successful citizenship" rather than "to obtain a benefit" for any government or charity.

In *United States v. Ferrera*, 107 F.3d 537 (7th Cir. 1997), defendant who maintained no office for his two fake corporations, diverted all proceeds to his own pockets. His fraud lay in selling fraudulent and counterfeit promissory notes claimed to be backed by the Mexican government. Defendant claimed to "be on the Executive Committee of the Mexican ruling party, . . . to be a major general in the Mexican Army, and . . . to be working on the project for the Mexican government at the direction of his close friend, the President of Mexico." *Id.* at 541. "The notes themselves on their face displayed the fictitious guarantee of the government of Mexico." *Id.* The court noted that the "social harm" addressed by the adjustment lies in "[t]hwarting legitimate charitable purposes and undermining confidence in the government," but none of Mr. Hansen's activities caused this kind of harm.

The adjustment does not apply in this case.

                                  Respectfully Submitted,
                                  HEATHER E. WILLIAMS
                                  Federal Defender

Dated:  December 7, 2017          */s/ S. Riordan & T. Zindel*
                                  SEAN RIORDAN & TIM ZINDEL
                                  Assistant Federal Defenders
                                  Attorneys for HELAMAN HANSEN