HEATHER E. WILLIAMS, #122664
Federal Defender
TIMOTHY ZINDEL, #158377
SEAN RIORDAN, #255752
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: 916-498-5700/Fax 916-498-5710
timothy_zindel@fd.org

Attorneys for Defendant
HELAMAN HANSEN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-CR-00024 MCE |
| Plaintiff, | **SUPPLEMENTAL REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS 17 AND 18 ON CONSTITUTIONAL GROUNDS** |
| v. | |
| HELAMAN HANSEN | Date:    December 14, 2017 |
| Defendants. | Time:    10:00 a.m.<br>Judge:  Hon. Morrison C. England. |

On December 7, Defendant Helaman Hansen submitted a reply in support of his motion to dismiss Counts 17 and 18.  Mr. Hansen's reply omitted an important argument concerning judicial estoppel that is made in this supplemental reply.  The government is now precluded from arguing that § 1324(a)(1)(A)(iv) can be given a limiting construction, because at trial it prevailed in securing a ruling in its favor on a contested jury instruction by arguing that such a limiting construction is impermissible.  This judicial estoppel argument was not made in the initial reply brief because, as explained below, an issue in the record caused undersigned counsel to believe that the issue had been resolved in favor of the defense, when in fact it had been resolved in favor of the government.  Trial transcripts received this week clarified that at trial the

government in fact argued in a manner inconsistent with its current position, and prevailed on that argument.

### A. At trial, the government prevailed concerning contested jury instructions by arguing that § 1324(a)(1)(A)(iv) should not be given a limiting instruction.

At the outset, an explanation for why this issue was not included in the original reply brief:  Undersigned counsel had the distinct memory that at trial the Court sided with the government in denying the defense a jury instruction on § 1324(a)(1)(A)(iv) that would have required, *inter alia*, that the "encourage[ment]" or "induce[ment]" be "substantial."  However, in reviewing the Final Jury Instructions (Doc. No. 146), undersigned counsel noticed that those instructions contained the "substantial" limiting language sought by the defense: "Second, the defendant substantially encouraged or induced [name of alien] to reside in the United States in violation of law[.]"  (*Id*. at 30.)[1]  As a result, undersigned counsel began to doubt his own recollection of events at trial and initially refrained from arguing that the government had prevailed at trail by taking a position that its current position directly contradicts.

Then, this week, undersigned counsel received for the first time transcripts of the relevant portion of the proceedings.  Those transcripts show that in fact the government did "strongly" argue that § 1324(a)(1)(A)(iv) could not be given a limiting instruction.

> MR. ESPINOSA: Your Honor, on the proposed modifications to this Instruction 9.4, the Government opposes strongly the additions and modifications primarily because they modify the elemental language in the standard instructions to require, first, a heightened evidentiary requirement; that is, in the proposed modification in the second element, the defense would ask the jury to find substantial encouragement rather than encouragement, which is the language of the statute and the language of the Ninth Circuit model instruction.

(Ex. A, Tr. at 1815.)  In short, the government argued that § 1324(a)(1)(A)(iv) is precisely as broad as the plain language of the statute suggests.  The Court agreed with the government: "I

---

[1] It appears that the jury instructions filed as final represent earlier, contested jury instructions, as they also contain the government's version of a § 1324 instruction.

agree with the Government's position that adding the word 'substantially' … is not what the law does require." (*Id.* at 1816.) Thus, the government prevailed on this contested jury instruction by explicitly arguing that the statute does not require, and the jury should not be instructed, that the encouragement or inducement be "substantial." More generally, the government argued against *any* limiting instruction.

**B. Judicial estoppel precludes the government from taking the contrary position now that § 1324(a)(1)(A)(iv) should be construed to contain limitations it argued against at trial.**

Much of the government's argument that § 1324(a)(1)(A)(iv) is constitutional relies on a limiting construction of the statutory terms "encourage" and "induce." (Opp. at 6-7.) The government specifically argued that "'encourage[]' requires *substantial* assistance (or offers of assistance that the defendant expects to make an alien lacking lawful immigration status more likely to enter or remain in the United States than she otherwise would have been." (Opp. at 8 (emphasis added).) In support of this argument, the government cites, *inter alia*, *DelRio-Mocci v. Conolly Properties, Inc.*, 672 F.3d 241, 248 (3d Cir. 2010). The government endorses the precise argument that Mr. Hansen made at trial when seeking a "substantiality" requirement in the relevant instruction by citing to *DelRio-Mocci*. (Doc. No. 87 at 6 (seeking to add "substantially" to the second element and citing *DelRio-Mocci* for that point); Ex. A at 1814 (arguing that "the case, primarily, that we're relying on is a Third Circuit case. DelRio-Mocci versus Connolly Properties, 672 F.3d 241).) It is clear, then, that the government is – in both general and specific terms – now taking a position incompatible with the position it prevailed upon at trial as to the scope of the statute.

The government is precluded from making its current argument that the statute is amenable to limiting construction. Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in

another phase." *Pegram v. Herdrich*, 530 U.S. 211, 227, n. 8 (2000).  "[I]ts purpose is to protect the integrity of the judicial process, by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-750 (2001).  Judicial estoppel may be applied against the government in a criminal case.  *See United States v. Castillo-Basa*, 483 F.3d 890, 899 n.5 (9th Cir. 2007) ("Although we do not reach the issue, we note that this troubling reversal of position [by the government] may violate our established judicial estoppel doctrine."); *cf. United States v. Hoey,* 34 Fed. App'x 290, 291 n.1 (9th Cir. 2002) (applying judicial estoppel against the defendant in sentencing proceeding when he argued to the district court that he should be sentenced under 841(b)(1)(D), but subsequently argued that the district court erred in doing so).  Judicial estoppel provides yet another reason why Mr. Hansen's motion should be granted.

Respectfully Submitted,

HEATHER E. WILLIAMS
Federal Defender

Dated:   December 12, 2017           */s/ S. Riordan & T. Zindel*
SEAN RIORDAN & TIM ZINDEL
Assistant Federal Defenders
Attorneys for HELAMAN HANSEN