HEATHER E. WILLIAMS, #122664
Federal Defender
TIMOTHY ZINDEL, #158377
SEAN RIORDAN, #255752
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: 916-498-5700/Fax 916-498-5710
sean_riordan@fd.org

Attorneys for Defendant
HELAMAN HANSEN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 2:16-CR-00024 MCE |
|---|---|---|
| Plaintiff, | ) ) | **SUR-REPLY TO GOVERNMENT'S REPLY TO DEFENDANT'S SUPPLEMENTAL BRIEFING IN SUPPORT OF HIS MOTION TO DISMISS AND HIS SENTENCING MEMORANDUM** |
| v. | ) ) | |
| HELAMAN HANSEN | ) ) | |
| Defendants. | ) ) ) | Date:   December 14, 2017<br>Time:   10:00 a.m.<br>Judge:  Hon. Morrison C. England. |

On December 13, the government filed a reply (Doc. No. 185) to Defendant Helaman Hansen's recent filings concerning his motion to dismiss Counts 17 and 18 and to his sentencing memorandum.  Mr. Hansen briefly addresses a few points concerning the government's reply (which is in fact a sur-reply) to the reply and supplemental reply in support of his motion to dismiss.

First, the government claims that Mr. Hansen's facial challenge to the statute of conviction is not jurisdictional in nature.  But the Ninth Circuit has expressly stated that facial challenges of this sort are jurisdictional, not only in *United States v. Johnston*, 199 F.3d 1015, 1020 n.3 (9th Cir. 1999), but also in *United States v. Cortez*, 973 F.2d 764, 767 (9th Cir. 1992)

("jurisdictional claims" include "claims that the statute is facially unconstitutional"), which itself found that *Menna v. New York*, 423 U.S. 61, 62 (1973), establishes this point of law. Thus, the government's disagreement is with the Ninth Circuit's reading of *Menna*, not with Mr. Hansen's motion. While it is true that those cases concerned the right to raise a jurisdictional defect on appeal after a guilty plea, as opposed to Rule 12(b)(2), the government does not explain why the analysis of what constitutes a jurisdictional defect is different in those contexts.

The government imagines that Mr. Hansen's team has been involved in "tactical gamesmanship" and suggests that trial might have been averted if this motion had been brought earlier. But surely the government would not have abandoned its other claims against Mr. Hansen if this motion had been brought earlier. And though "approximately 30 witnesses" testified, the two witnesses who testified as to Counts 17 and 18 also testified as to other charged counts. At most, the only difference between early resolution of this motion and resolution now is a matter of a few questions specific to Counts 17 and 18 that were posed to those witnesses. That hypothetical distinction furnishes no justification to refuse to hear this motion now.

Second, the government states that Mr. Hansen's judicial estoppel argument is waived because it was not asserted in his initial moving papers. But at the time Mr. Hansen filed his moving papers, the government had "strongly" taken the position that the statute was not amenable to a limiting construction – i.e., that it was precisely as broad as its plain language suggests. (Supp. Reply at 2.) Mr. Hansen did not know how the government would respond in opposition to the motion, including whether it would argue that the statute should be read to contain a limiting construction. In particular, Mr. Hansen did not know that the government would take the precise opposite position in defending this motion to the one it took at trial and would argue that the statute does require that encouragement or inducement be "substantial." Thus, Mr. Hansen did not "waive" any response to positions the government had not yet taken. In any event, the government has now filed a sur-reply on the judicial estoppel issue. It has suffered no prejudice. *Cf. Perez v. Manna 2nd Avenue LLC*, 2016 WL 7489040 (S.D.N.Y.) ("The defendants admit to including new material in their reply papers [], and do not appear to be

doing so to gain a procedural advantage.  I will therefore allow the plaintiff to submit a sur-reply to cure any possible prejudice.").

Finally, while the Court's ruling on the jury instruction was not a ruling on the merits of the constitutional issue raised in this motion, the judicial estoppel doctrine is not constrained by such formalism.  Rather, the principal question is whether the government (1) prevailed at an earlier stage by taking one position and then (2) at a later stage takes a contrary position.  That certainly occurred here.  Thus, the judicial estoppel applies to some, if not all, of the government's arguments that a narrowing construction of the statute saves it from constitutional infirmity.

Respectfully Submitted,

HEATHER E. WILLIAMS
Federal Defender

Dated:   December 13, 2017

/s/ *S. Riordan & T. Zindel*
SEAN RIORDAN & TIM ZINDEL
Assistant Federal Defenders
Attorneys for HELAMAN HANSEN

Hansen Sur-Reply -3-