1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,                No.  2:16-cr-00024 KJM DB

12                      Respondent,

13           v.                               FINDINGS AND RECOMMENDATIONS

14   HELAMAN HANSEN,

15                      Movant.

16

17          Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or

18   correct his sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 227.)  For the reasons set forth

19   below, the court will recommend that this motion be dismissed without prejudice as premature.

20   **I.      Procedural Background**

21          On February 11, 2016, a grand jury returned an indictment against the movant, charging

22   him with one count of conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. §

23   1349, eleven counts of mail fraud in violation of 18 U.S.C. § 1341, and one count of wire fraud in

24   violation of 18 U.S.C. § 1343.  (ECF No. 1.)  By superseding indictment filed March 2, 2017,

25   movant was charged with a total of thirteen counts of mail fraud in violation of 18 U.S.C. § 1341,

26   three counts of wire fraud in violation of 18 U.S.C. § 1343, and two counts of encouraging or

27   inducing illegal immigration for private financial gain in violation of 8 U.S.C. §

28   1324(a)(1)(A)(iv) & (B)(i).  (ECF No. 62.)

                                                  1

In April and May 2019, a jury trial was held, culminating in a guilty verdict for movant on counts one through nine and eleven through eighteen of the Superseding Indictment. (ECF No. 148.) On February 8, 2018, movant was sentenced to a total of 240 months each on counts one through nine and eleven through sixteen. (ECF No. 200.) Movant was also sentenced to 120 months on each of counts seventeen and eighteen. (Id.) As these sentences were to be served concurrently, movant was sentenced to a total term of 240 months. (Id.)

On February 4, 2022, movant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (ECF No. 227.) On February 10, 2022, the United States Court of Appeals for the Ninth Circuit rules on movant's appeal. (ECF Nos. 229, 230.) The Ninth Circuit vacated movant's convictions on two counts and remanded to the district court for resentencing. (ECF No. 230.)

**II.     Screening Requirement**

Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a movant must demonstrate the existence of an error of constitutional magnitude that had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). Relief is warranted only where a movant has shown "a fundamental defect which inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). This means the court must dismiss a habeas petition "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" Rule 4 Governing Section 2255 Cases.

2

Rule 12 of the Rules Governing Section 2255 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  Drawing on the Federal Rules of Civil Procedure, when considering whether a petition presents a claim upon which habeas relief can be granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the petition in the light most favorable to the petitioner, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'"  Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)).  See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.").

### III.   Movant's Motion to Vacate, Set Aside, or Correct Sentence Is Premature

Federal prisoners are required to exhaust appellate review prior to filing a habeas petition with the district court.  Feldman v. Henman, 815 F.2d 1318, 1321 (9th Cir. 1987).  Habeas relief is typically available within one year from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255.  The Supreme Court has clarified that a case becomes final for purposes of § 2255 when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied."  Griffith v. Kentucky, 479 U.S. 314, 321 (1987).  The Ninth Circuit has further specified that when a conviction is vacated and remanded to the district court by an appellate court, judgment is not final until the district court acts on remand and the time to appeal the district court's action has passed.  United States v. LaFromboise, 427 F.3d 680, 685 (9th Cir. 2005); See United States v. Colvin, 204 F.3d 1221, 1226 (9th Cir. 2000).

Movant filed a motion to vacate, set aside, or correct sentence on February 4, 2022, while the appeal was still pending.  (ECF Nos. 227, 229, 230.)  On February 10, 2022, the Ninth Circuit vacated movant's convictions on counts seventeen and eighteen and remanded to the district court for resentencing.  (ECF No. 230.)  When movant filed his motion, this case was not final as movant's appeal was pending before the Ninth Circuit and his appeals were not exhausted. Griffith, 479 U.S. at 321.  While the Ninth Circuit has vacated and remanded movant's sentence to the district court, movant's case is not final as the district court has not acted on the remand and the time to appeal has not passed.  LaFromboise, 427 F.3d at 685.  Since this case is not final for purposes of § 2255, movant's habeas petition is premature.  Id. at 686 ("Until the district court enters an amended judgment of conviction, LaFromboise's § 2255 motion is in fact premature, rather than untimely.")

Given the above, it will be recommended that the motion to vacate, set aside, or correct sentence (ECF No. 227) be denied without prejudice as premature.

**IV.    Conclusion**

Based on the foregoing, IT IS HEREBY RECOMMENDED that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 227) be dismissed without prejudice as premature.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  February 17, 2022

DB:14
DB/DB Prisoner Inbox/Habeas/S/hans0024.scrn_fr

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE