PHILLIP A. TALBERT
United States Attorney
KATHERINE T. LYDON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>HELAMAN HANSEN,<br><br>            Defendant. | CASE NO. 2:16-CR-0024 MCE<br><br>STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING REVOCATION HEARING; ORDER<br><br>DATE: October 17, 2022<br>TIME: 9:30 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

## BACKGROUND

Defendant Helaman Hansen is presently out of custody on bail pending appeal. A revocation petition has been filed (*see* Dkt. No. 255) and the parties are prepared to proceed with a revocation hearing via videoconference on October 17, 2022.

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and the defendant, through his counsel of record, hereby stipulate as follows:

1.     The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2.     On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3.     In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public wear masks and practice physical distancing between individuals to potentially slow the spread of COVID-19. The virus is thought to spread mainly

from person-to-person contact. While vaccines are available, many individuals have not yet been vaccinated. Multiple variants are still present in populations throughout the United States and the Eastern District of California.

4. On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing.

5. On March 18, 2020, General Order 612 was issued. The Order closed each of the courthouses in the Eastern District of California to the public. It further authorized assigned district court judges to continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act. General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

6. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload." The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District ranked first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District was authorized only six district judges; two of those positions were vacant and without nominations). The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

7. On April 17, 2020, General Order 617 issued, continuing court closures through June 1, 2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act. A series of subsequent General Orders were issued confirming the continuing emergency and permitting use of videoconference and teleconference.

8. On September 22, 2022, General Order 655, noting the continuing coronavirus pandemic, and the fact that the emergency authorization under the Cares Act has not been terminated, and recognizing the need for ongoing adherence to best practices to ensure the health of the community. The

order recognized that each individual judge has full authority to determine all aspects of any and all proceedings in his or her courtroom, as that judge deems appropriate in his or her sole discretion. General Order 655 further found that the authorizations granted initially in General Order 614 continue to be warranted in the Eastern District of California and extended all authorizations in General Order 614 for another 90 days unless terminated earlier.

9. Given these facts, it is essential that Judges in this District be able to resolve matters via videoconference and teleconference during the COVID-19 pandemic.

10. The defendant has an interest in and wishes to proceed with the revocation hearing via videoconference.

11. The defendant waives his physical presence and consents to proceed with this hearing by videoconference. Counsel for the defendant joins in this waiver and consents.

12. Pursuant to General Order 616, the defendant has had an opportunity to consult with counsel and consents to counsel signing on the defendant's behalf.

IT IS SO STIPULATED.

Dated: October 14, 2022

PHILLIP A. TALBERT
United States Attorney

/s/ KATHERINE T. LYDON
KATHERINE T. LYDON
Assistant United States Attorney

Dated: October 14, 2022

/s/ CAROLYN WIGGIN
CAROLYN WIGGIN
Counsel for Defendant

Dated: October 14, 2022

/s/ Carolyn Wiggin for HELAMAN HANSEN
HELAMAN HANSEN
Defendant

**ORDER**

1. The Court adopts the findings above.

2. Further, the Court specifically finds that the defendant has waived his physical presence at the hearing and consent to remote hearing by videoconference.

3. Therefore, based on the findings above, and under the Court's authority under the CARES Act and the series of general orders issued by the Chief Judge of the Eastern District of California, the revocation hearing in this case will be conducted by videoconference.

IT IS SO ORDERED.

DATED: October 15, 2022

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE